# THIRD DEPARTMENT, JANUARY, 1982

## (January 7, 1982)

■ In the Matter of the PUBLIC EMPLOYEES FEDERATION (PEF) et al., Respondents, v DIVISION OF CLASSIFICATION AND COMPENSATION OF THE NEW YORK STATE CIVIL SERVICE COMMISSION et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered November 19, 1980 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to enjoin respondents from withholding summer teaching jobs from, and imposing salary penalties upon individual petitioners, and which directed respondents to permit the revocation of any prior consent to the reclassification of teachers such as petitioners herein. David Horvath and Lynn Tucker, teachers employed by the New York State Office of Mental Retardation and Developmental Disabilities (OMRDD) and an employee organization, the Public Employees Federation (PEF), on behalf of themselves and others similarly situated, instituted this proceeding pursuant to CPLR article 78 to challenge a reclassification scheme established by respondent Division of Classification and Compensation of the New York State Civil Service Commission (Division of Classification) and certain forfeitures imposed to effectuate it. The scheme sought to have the individual petitioners and other teachers of retarded and profoundly retarded clients voluntarily agree to an irrevocable change in their job classification from the Teacher Series of job titles to the job title of Developmental Specialist. In essence, the new classification would replace their present 10-month work year with additional compensation payable for summer work to a classification with a 12-month work year. The change to a 12-month work year was compensated by an upward reallocation of two salary grades above the old teacher series. Respondents set a deadline for the teachers to execute their preference. Respondents characterized the required election as "strictly voluntarily"; however, the following two provisions would apply exclusively to those teachers who did not consent to

reclassification: "a) Incumbents who elect not to switch titles by the deadline 'will not be able to receive the higher salary rate,' and b) Incumbents who elect not to switch titles will 'not be able to be employed in an educational position during the summer months.'" Significantly, the record indicates that State teachers were refused summer education jobs on the sole ground that they refused to volunteer for the offered reclassification. In dismissing an appeal by PEF challenging the validity of the reclassification scheme utilized by respondent Division of Classification, the Civil Service Commission noted that the relief requested related to the terms and conditions of employment, not classification and compensation, and thus held that PEF was seeking a ruling that the commission had no jurisdiction to make. PEF then initiated the instant proceeding. Special Term held that the reclassification scheme violated subdivision 2 of section 136 of the Civil Service Law and granted the petition herein to the extent of restraining respondents from withholding summer teaching jobs from qualified teachers and from imposing salary penalties on them. Further, respondents were directed to permit teachers to revoke prior consents to reclassification. This appeal ensued. The judgment entered on the decision of Special Term should be affirmed. Subdivision 2 of section 136 of the Civil Service Law mandates a 10-month work year for State teachers as defined by subdivision 1 thereof. The legislative policy behind the rule is that "teachers employed by the state of New York shall work, as far as practicable, a calendar year similar to the public school calendar year of the public school teachers" (L 1965, ch 454, § 1). There is no question that petitioners herein qualify as "teachers" under subdivision 1 of section 136 of the Civil Service Law. Respondents have improperly attempted by this scheme to do indirectly what they are prohibited by statute from accomplishing by direct action, namely a modification of the 10-month work year prescribed for State teachers. Although a reclassification of teachers to Developmental Specialists on a purely voluntary basis would have been proper, respondents' attempts to withhold summer teaching jobs and impose salary penalties upon those who refused to choose reclassification violates the spirit and intent of subdivision 2 of section 136 of the Civil Service Law and is, therefore, invalid. Respondents' argument that petitioners did not exhaust their administrative remedies before commencing this article 78 proceeding is rejected. Further, Special Term did not err in fashioning a remedy in the nature of mandamus when it ordered respondents to permit revocation of any of the prior consents to reclassification. Special Term acted within its discretion in so doing (*Matter of Sheerin v New York Fire Dept. Arts 1 & 1B Pension Funds,* 46 NY2d 488, 496). Finally, we find no error in the failure to join the employer OMRDD as a party to this proceeding. The actions of OMRDD are not sought to be controlled and OMRDD did not take part in the reclassification of the teaching positions. Judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.